UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE STEWART WATERMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 11-0324-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |

**PROCEEDINGS**

On February 25, 2011, Bruce Stewart Waterman ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on August 25, 2011. On October 14, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this action dismissed with prejudice.

## BACKGROUND

Plaintiff is a 40 year old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on November 29, 2007, alleging disability beginning September 15, 2003. (AR 8.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 10.)

Plaintiff's claims were denied initially on February 1, 2008, and on reconsideration on March 28, 2008. (AR 8.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mason Harrell, Jr. on July 22, 2009, in San Bernardino, California. (AR 8, 27-46.) ALJ Harrell conducted a second hearing on August 27, 2009, to obtain the expert testimony of a clinical psychologist. (AR 45, 49.) Claimant appeared and testified at both hearings. (AR 8.) Medical expert Dr. David Glassmire and vocational expert ("VE") David A. Rinehart appeared and testified at the supplemental hearing. (AR 8.) Plaintiff was represented by counsel at both hearings. (AR 8.)

The ALJ issued an unfavorable decision on November 27, 2009. (AR 8-20.) The Appeals Council denied review on January 25, 2011. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as grounds for reversal and remand are as follows:

1. Whether the ALJ has properly considered Plaintiff's subjective complaints and testimony and properly assessed Plaintiff's credibility.

2. Whether the ALJ has properly considered the subjective statements of Plaintiff's mother and properly assessed her credibility.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the

regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 15, 2003, the alleged onset date. (AR 10.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: depressive disorder, not otherwise specified; alcohol abuse, remission status unclear; and status post accident with trauma to the head, hip, and back. (AR 10.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 10-11.)

The ALJ then found that the Plaintiff had the RFC to perform a limited range of light work but limited to simple, repetitive tasks and occasional non-intense contact with others. (AR 11.) Claimant is precluded from reading, writing, or math; hypervigilance work; fast-paced work; and responsibility for the safety of others. (AR 11.) In determining this RFC, the ALJ made an adverse credibility determination to the extent Plaintiff's symptoms are inconsistent with the above RFC. (AR 14.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work as a tree trimmer as actually or generally performed. (AR 18.) The ALJ, however, did find there were other jobs existing in significant numbers in the national economy that Plaintiff can perform, such as an ironer and a cannery worker. (AR 19.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 20.)

**DISCUSSION**

Plaintiff Waterman stopped attending school in the fifth grade. (AR 12.) While in school, he was in special education. (AR 12.) In 1992, he was hit in the head and underwent brain surgery. (AR 12.) Nonetheless, he returned to his work as a tree trimmer. (AR 12.) He worked as a tree trimmer for 18 years, but has not worked since 2003. (AR 10, 35.) On September 11, 2003, Claimant was in a motor vehicle accident. (AR 14.) He also was hit by a tractor in May, 2004 but tests were unremarkable. (AR 15.) Claimant alleges he is unable to work because of memory loss and pain in his back, legs, shoulder, and stomach. (AR 12, 30.)

Dr. Glassmire, a clinical psychologist who was present at the supplemental hearing, testified that Claimant had the medically determinable mental impairments of depressive disorder and alcohol abuse, remission status unclear. (AR 16.) He gave a mental RFC that limited Plaintiff to occasional non-intense contact with others, simple repetitive tasks, and no jobs requiring hypervigilance, fast paced work, or responsibility for the safety of others. (AR 15-16.) The ALJ adopted Dr. Glassmire's mental RFC assessment. (AR 16-17.) The ALJ gave the Claimant a more restrictive physical RFC than indicated by the consulting internal medicine physician and State agency review physicians, based on the hearing testimony. (AR 17.)

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527 (e)(2). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

Plaintiff challenges the ALJ's RFC on two grounds. He alleges that the ALJ improperly discounted his credibility and his mother's lay witness statements. The ALJ decision, however, must be affirmed. The ALJ properly discounted Plaintiff's credibility and his mother's statements, based on substantial evidence.

The ALJ's RFC is based on substantial evidence. The ALJ's non-disability determination is based on substantial evidence and free of legal error.

**I.      THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOMS**

The ALJ discounted Plaintiff's subjective symptoms for four reasons: there was evidence of malingering, the objective medical evidence did not support the level of disability alleged, Plaintiff's daily activities were inconsistent with his subjective claims, and treatment was conservative and sporadic. The ALJ's adverse credibility determination was supported by substantial evidence.

### A. Relevant Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause "some of the alleged symptoms." (AR 14.) The ALJ, however, found that Plaintiff's statements regarding "the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 14.)

The ALJ made a malingering finding in this case that, if supported by substantial evidence, would negate application of the clear and convincing evidence standard and by itself would be sufficient to discredit Plaintiff's testimony. Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). The ALJ's malingering finding is supported by substantial

evidence. The ALJ cited the report of consulting psychologist Dr. Kim Goldman who found that Claimant was "a questionable historian" who "did not present as a sincere individual." (AR 13, 15, 248, 249.) The ALJ found that Claimant did not make an adequate effort on tests. (AR 15, 250.) In particular, the ALJ noted that Dr. Goldman thought Claimant's performance on the Test of Memory Malingering indicated an attempt to "simulate cognitive impairment." (AR 13, 251.) He further noted that Dr. Goldman expressly diagnosed Claimant with malingering. (AR 13, 15-16, 251.)

      Because Plaintiff questioned the fairness of Dr. Goldman's evaluation (he called her a name to her face, he said) (AR 13, 40-42, 52), the ALJ ordered a supplemental hearing which was attended by expert witness Dr. Glassmire, a clinical psychologist. (AR 45-46, 49.) Dr. Glassmire had the opportunity to review the medical evidence of record, question Claimant, and hear his testimony. (AR 16.) Dr. Glassmire assessed Plaintiff with mild limitations in activities of daily living and social functioning, moderate limitations in concentration, pace and persistence, and no episodes of decompensation. (AR 17.) Dr. Glassmire opined that Dr. Goldman's opinion that Plaintiff was malingering was supported by his lack of effort on the Memory Malingering Test. (AR 64.) Dr. Glassmire also opined that Plaintiff's age adjusted scale scores on the test fell below the cutoff for malingering. (AR 17, 64.) Dr. Glassmire, like Dr. Goldman, did not believe Plaintiff put forth a valid effort on the test. (AR 64-65.) Failure to give maximum or consistent effort during exams is a basis for discounting credibility. Thomas, 278 F.3d at 959. Plaintiff claims that his limited literacy or learning disability affected his test scores and that neither the ALJ nor the psychologists addressed that issue. (JS 6.) Quite to the contrary, Plaintiff's counsel explored this issue at length, unsuccessfully, with Dr. Glassmire at the hearing. Dr. Glassmire noted that Plaintiff did relatively well on tests that measure general intellectual ability when educationally based things like vocabulary are taken out (AR 69) and that any learning disability would not impact his performance on the Test of Memory Malingering (TOMM). (AR 70.) The ALJ found Dr. Glassmire's opinion to be highly credible and gave the greatest weight to it. (AR 17.)

Plaintiff gives but a paragraph to the subject of malingering, attacking the findings of Dr. Goldman without fully addressing Dr. Glassmire's opinion to which the ALJ gave greatest weight. Although Plaintiff interprets the evidence differently, the ALJ's finding of malingering is a reasonable interpretation of the evidence and should not be second-guessed. Rollins, 261 F.3d at 857 (ALJ interpretation of the evidence if reasonable should not be second-guessed).

The second reason given by the ALJ for discounting Plaintiff's subjective symptoms is that the objective medical evidence does not support the severity of the alleged symptoms. (AR 18.) Although subjective testimony cannot be rejected on the sole ground that medical evidence is lacking, the medical evidence is still a relevant factor in assessing the severity of a claimant's symptoms. Rollins, 261 F.3d at 857. Here, the ALJ noted that there was no medical source statement that conflicts with the limitations set forth in his RFC. Internist Dr. To opined that Plaintiff did not have physical limitations that would preclude working. (AR 16, 256-57.) Dr. Glassmire, who provided the mental RFC adopted by the ALJ, also opined that Plaintiff's mental limitations would not preclude work. (AR 16-17.) No physician in the record opined that Plaintiff was unable to work. Plaintiff does not contend otherwise.

The ALJ's third reason for discounting Plaintiff's credibility is inconsistent daily activities. An ALJ may discount a claimant's credibility if his daily activities contradict his other testimony or demonstrate the capacity for work. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (upholding ALJ determination that daily activities detracted from plaintiff's credibility). Here, the ALJ found that Claimant stayed home with his two year old child and was able to take care of her on his own without difficulty while his wife was in school. (AR 12, 13.) The ALJ found that the Claimant's ability in this regard is inconsistent with disabling impairments and diminishes his credibility regarding his functional limitations. (AR 13.) Plaintiff argues that caring for his daughter is not equivalent to what is necessary for full-time, competitive employment. Yet Plaintiff worked for years as a tree trimmer and given the findings of malingering, lack of objective medical evidence, and the physical and mental RFC assessments, the ALJ did not err in citing Plaintiff's ability to care for his daughter on his own as a factor in discounting Plaintiff's alleged disabling symptoms.

The ALJ's fourth reason for discounting Plaintiff's credibility is that Plaintiff has received sporadic routine, conservative, and non-emergency treatment since the onset date. (AR 14.) The Claimant has not undergone surgery since the onset date (AR 13), only sporadically saw his doctor from 2004 to 2007 (AR 14), and provided no mental health records. (AR 14.) An ALJ may discount a claimant's pain testimony based on conservative treatment. Parra, 481 F.3d at 750-51. Plaintiff does not dispute that he has received only routine, conservative treatment since the onset date.

The ALJ discounted Plaintiff's' alleged symptoms to the extent inconsistent with the mental and physical RFC assessments. The ALJ did so for specific, legitimate reasons supported by substantial evidence.[2] The ALJ finding of malingering is sufficient by itself to support the ALJ's adverse credibility determination.

## II. THE ALJ PROPERLY DISCOUNTED CLAIMANT'S MOTHER'S LAY WITNESS TESTIMONY

Claimant's mother Dorothy Waterman completed a third-party function report dated December 13, 2007. (AR 186-193.) The ALJ discounted Ms. Waterman's statements about her son's symptoms to the extent inconsistent with the ALJ's RFC. The ALJ found that the mother's statements were "no more than a parroting of the subjective complaints already testified to and reported by the Claimant, and unsupported by the clinical and diagnostic evidence." (AR 14.) The ALJ discounted Ms. Waterman's statements for germane reasons supported by substantial evidence.

### A. Relevant Law

Lay witness testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d

---

[2] Plaintiff takes issue with other findings in the ALJ decision that headaches inconsistent with the medical evidence were an exaggeration of symptoms, and Plaintiff's failure to follow prescribed medications and show up for medical appointments were an indication his symptoms were not as severe as alleged. Even disregarding these findings, the four reasons discussed herein would be sufficient to support the ALJ's adverse credibility finding. Carmickle v. Comm'r Soc. Sec. Adm., 553 F.3d 1155, 1162-63 (9th Cir. 2008).

503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony, ALJ must make findings "germane to each witness, and supported by substantial evidence"). The reasons germane to each witness must be specific. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). Lay witness testimony cannot be disregarded without comment. Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006). In rejecting lay witness testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. Lewis, 236 F.3d at 512. The ALJ also may "draw inferences logically flowing from the evidence." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The failure to address lay witness evidence is not harmless unless the Court can conclude confidently that no reasonable ALJ, on crediting the testimony, would reach a different disability determination. Stout, 454 F.3d at 1054-56.

**B.     Analysis**

The ALJ first observed that Ms. Waterman's statements are similar to those given by Plaintiff. (AR 14.) An ALJ may discount a lay witness' testimony for the same reasons used to discredit a claimant's complaints if they are similar. Valentine v. Commissioner of Social Security Administration, 574 F.3d 685, 693-94 (9th Cir. 2009). Ms. Waterman noted that Plaintiff cannot work (AR 186), his body hurts too much to do house and yard work (AR 188), he has pain in his back and legs (AR 189), he cannot remember things (AR 191), and his ability to sit, stand, walk, lift, reach, complete tasks, and concentrate are impaired by his mental and physical conditions. (AR 191.) These are essentially the same symptoms alleged by Plaintiff. These symptoms already have been discounted to the extent inconsistent with the mental and RFC assessments, based on malingering and lack of objective medical evidence. The ALJ properly found that Ms. Waterman's statements, which are the same as those alleged by Plaintiff, are not credible for the same reasons. (AR 14.)

Second, the ALJ found that Mrs. Waterman's statements are not supported by the clinical or diagnostic medical evidence and not credible to the extent inconsistent with the ALJ's RFC. (AR 14.) Inconsistency with medical evidence is a valid reason for discounting lay

witness testimony. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Plaintiff claims that the ALJ failed to cite to any evidence that contradicts Ms. Waterman's statements about Plaintiff's symptoms. Plaintiff's assertion is untrue. The testimony and RFC assessments of Dr. To, Dr. Goldman, and Dr. Glassmire are plainly inconsistent with the disabling symptoms asserted by Ms. Waterman. The finding of malingering also contradicts those symptoms.

The ALJ gave germane reasons supported by substantial evidence for discounting Ms. Waterman's third-party lay statements.[3]

* * *

The ALJ properly discounted the statements of Plaintiff and his mother about Plaintiff's symptoms to the extent inconsistent with the mental and physical RFC assessments. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 5, 2012

　　　　　　　　　　　　　　　　　　　/s/ John E. McDermott
　　　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff addressed other findings in the ALJ decision regarding Ms. Waterman's account of Plaintiff's symptoms. Plaintiff attacks the ALJ's arguments that Ms. Waterman's statements were not under oath and biased, but even disregarding these findings, the two reasons discussed above are sufficient to support the ALJ's conclusion that Ms. Waterman's statements about Plaintiff's symptoms are not credible to the extent inconsistent with the ALJ's RFC. Carmickle, 553 F.3d at 1162-63.